IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| MARSHALL MARTINEZ, #A0712871, ) <br> ) <br> Petitioner, ) <br> vs. ) <br> ) <br> TODD THOMAS, ) <br> ) <br> Respondent. ) <br> _____ ) | CIV. NO. 19-00251 DKW-KJM <br> <br> ORDER DISMISSING PETITION <br> AND DENYING CERTIFICATE <br> OF APPEALABILITY |

Before the court is Marshall Martinez's petition for writ of habeas corpus brought pursuant to 28 U.S.C. § 2241. Martinez challenges the legality of his sentence in *State v. Martinez*, Cr. No. 7716(2) (Haw. 2d Cir. 1988). Martinez alleges that his sentence was improperly enhanced based on his "*Alford* plea"[1] in *State v. Martinez*, Cr. No. 0000-104149 (Ariz. Super. Ct. 1979).

Martinez recently asserted this argument in *Martinez v. State*, Civ. No. 17-00184 JMS-RLP (D. Haw. 2017), in which he sought habeas relief pursuant to 28 U.S.C. § 2254. That action was dismissed without prejudice and referred to the Ninth Circuit Court of Appeals because Martinez did not have appellate authorization to proceed with an apparent second or successive petition. *See id.*,

---

[1] In an *Alford* plea, the defendant technically does not acknowledge guilt but concedes there is sufficient evidence to support a conviction. *North Carolina v. Alford*, 400 U.S. 25, 37-38 (1970); *United States v. Mancinas-Flores*, 588 F.3d 677, 681 (9th Cir. 2009) (stating an *Alford* plea is "shorthand for a guilty plea accompanied by a protestation of innocence").

ECF No. 4. The Ninth Circuit thereafter denied Martinez's application for authorization to file a second or successive 28 U.S.C. § 2254 habeas corpus petition. *Id.*, ECF No. 6; App. No. 17-72457 (9th Cir. Apr. 19, 2018).

Martinez may not pursue this challenge to his state sentence under 28 U.S.C. § 2241, and the Petition is DISMISSED. Even if the Court construes the Petition as brought pursuant to 28 U.S.C. § 2254, it may not review the Petition until Martinez has authorization from the Ninth Circuit Court of Appeals to proceed with a second or successive petition, and the Ninth Circuit has already denied a substantively identical request. Any request for a certificate of appealability is DENIED.

## I. **DISCUSSION**

Martinez says that, in denying his application to proceed with a second or successive petition under § 2244(b), the Ninth Circuit held that he "is subject to . . . [a] violation created [under] § 2244(c)." *See* Pet., ECF No. 1. He asserts that this statement authorizes him to challenge his sentence under 28 U.S.C. § 2241.

First, Martinez is in custody pursuant to a state court judgment. Thus, 28 U.S.C. § 2254, rather than 28 U.S.C. § 2241, applies to his challenge to his sentence. *See White v. Lambert*, 370 F.3d 1002, 1004 (9th Cir. 2004) (holding that § 2241 "is properly understood as a general grant of habeas authority that provides

federal court jurisdiction to a state prisoner *when that prisoner is not in custody pursuant to a 'state court judgment'*") (emphasis added), *overruled on other grounds, Hayward v. Marshall*, 603 F.3d 546 (9th Cir. 2010). Because Martinez is in custody pursuant to a state court judgment, however, "28 U.S.C. § 2254 is the proper jurisdictional basis for his habeas petition." *Id.*

Second, the Ninth Circuit's Order denying Martinez's application to proceed with a second or successive petition did not state that there was a "violation created [b] § 2244(c)" or that he could challenge his sentence under § 2241. *See Martinez v. Thomas*, No. 17-72457 (9th Cir. 2018).

Third, Martinez has previously challenged his conviction and sentence under § 2254, and that petition was dismissed with prejudice on the merits. *See Martinez v. Sumner*, Civ. No. 89-00770 ACK (D. Haw. 1992) (dismissing petition on merits); *see also Martinez v. State*, Civ. No. 17-00184 JMS (D. Haw. 2017) (dismissing petition and transferring it to appellate court); *Martinez v. State*, Civ. No. 08-00388 JMS (D. Haw. 2008) (transferring petition to appellate court and attaching copies of earlier petitions to Order); *Martinez v. Penarosa*, Civ. No. 96-01208 ACK (D. Haw. 1997) (dismissing petition as second or successive). This Court is without jurisdiction to consider the present Petition without appellate authorization. *See* 28 U.S.C. § 2244(b)(3)(A); *Rishor v. Ferguson*, 822 F.3d 482,

490 (9th Cir. 2016) (holding failure to obtain appellate authorization for successive petition is jurisdictional).

Fourth, Martinez has long argued that the state court improperly relied on his *Alford* plea when it enhanced his sentence in Cr. No. 7716(2). *See, e.g.*, *Martinez v. Sumner*, Civ. No. 89-00770, Order at 16 ("Petitioner asserts that . . . [a] prior conviction . . . was obtained by means of an *Alford* plea."); *see also* Civ. No. 96-01208 ACK (arguing *Alford* plea claim); Civ. No. 08-00388 JMS (same). Martinez's *Alford* plea claim is not new nor does it rely on newly discovered evidence.

## II. **CONCLUSION**

This Court is without jurisdiction to consider the Petition without authorization from the Ninth Circuit. *See* 28 U.S.C. § 2244(b)(3)(A); *Rishor*, 822 F.3d at 490. This action is DISMISSED without prejudice for lack of jurisdiction pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the U.S. District Courts.

The Clerk shall send a copy of the Petition and a copy of this Order to the Clerk of the U.S. Court of Appeals for the Ninth Circuit. The Clerk shall also provide Martinez with the form recommended by the Ninth Circuit for filing an

Application for Leave to File Second or Successive Petition Under 28 U.S.C. § 2254 or Motion Under 28 U.S.C. § 2255.

"[J]urists of reason would" not "find it debatable" that this court lacks jurisdiction over this Petition without authorization from the Ninth Circuit. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Thus, any request for a certificate of appealability is DENIED.

IT IS SO ORDERED.

DATED: May 20, 2019 at Honolulu, Hawaii.



/s/ Derrick K. Watson
Derrick K. Watson
United States District Judge

---

*Marshall Martinez v. Todd Thomas*; Civil No. 19-00251 DKW KJM; **ORDER DISMISSING PETITION AND DENYING CERTIFICATE OF APPEALABILITY**

*Martinez v. State*, 1:19-cv-00251 DKW-KJM; Hab. '19 (2d Scsv)